# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:08-CR-302-D** |
| | § | |
| **DONALD CALHOUN,** | § | **E.C.F.** |
| **Defendant.** | § | |

## ELEMENTS AND PUNISHMENT OF THE OFFENSES AND FACTUAL RESUME

In support of the Defendant's plea of guilty to the both Counts of the Indictment, which charge violations of 18 U.S.C. § 844(i) and 26 U.S.C. §§ 5861(c) and 5871, **DONALD CALHOUN**, and his counsel, Assistant Federal Public Defender Douglas A. Morris, stipulate and agree to the following:

## ELEMENTS OF THE OFFENSES

### Count One: Unlawful Possession of an Illegally Manufactured Destructive Device (A violation of 26 U.S.C. §§ 5861(c) and 5871)[1]

1. Mr. Calhoun knowingly possessed a firearm;

2. The firearm was a "destructive device" and it met the requirements of 26 U.S.C. § 5845(f)(1)(A) –it was a homemade bomb;

3. Mr. Calhoun knew the characteristics of the destructive device –Mr. Calhoun knew it was a homemade bomb;

4. The destructive device was in operating condition; and

5. The destructive device was illegally manufactured. It does not matter whether Mr. Calhoun knew that the destructive device was illegally manufactured.

---

[1]Counsel could not find any form of Pattern Jury Instructions for this offense, but did discover that it appears that there is a split amongst Circuits over the question of whether the government must prove that the firearm was manufactured after the Congress enacted 26 U.S.C. §§ 5822 and 5861 as part of the Gun Control Act of 1968 (November 1, 1968). Compare Gott v. United States, 432 F.2d 45, 46 (9th Cir. 1970)(per curiam) with United States v. Talbott, 902 F.2d 1129, 1132 (4th Cir. 1990); United States v. Berry, 423 F.2d 142, 144 (10th Cir. 1970).

### Count Two[2]: Arson

1. Mr. Calhoun damaged or attempted to damage a motel and an area surrounding a motel by using an explosive (a homemade bomb);

2. Mr. Calhoun maliciously[3] performed the aforementioned acts; and

3. At the time of the explosion, the motel and an area that surrounded it were either used in interstate commerce, affected interstate commerce, or were used in an activity that affected interstate commerce.[4]

## PUNISHMENT FOR COUNT ONE

Sentence: The maximum statutory penalties a district court can impose for this Count include the following:

1. Mr. Calhoun faces a statutory maximum term of imprisonment of ten years;

2. Mr. Calhoun can be fined up to $10,000;[5]

3. The sentencing court may impose a term of supervised release not to exceed three years, and if Mr. Calhoun violates the conditions of supervised release, he could be imprisoned for a total of three years, but for no more than two years at one time;

4. It is mandatory that Mr. Calhoun pay a special assessment of one-hundred dollars.

5. Restitution to victims or to the community is mandatory under the law; and

6. Mr. Calhoun may have to pay the costs of incarceration and supervision.

---

[2] Our Circuit does not have a pattern jury instruction for this offense. See Pattern Jury Instructions, United States Court of Appeals for the Fifth Circuit (West 2001). Instead, counsel relied on the elements with the Pattern Jury Instruction from the United States Court for the Eighth Circuit. See Pattern Jury Instructions, United States Court of Appeals for the Eighth Circuit, 6.18.844 (West 2003).

[3] "The term 'maliciously' . . . means to intentionally cause damage without just cause." See id.

[4] See Jones v. United States, 529 U.S. 848, 859 (2000).

[5] See 26 U.S.C. § 5871.

## PUNISHMENT FOR COUNT TWO

Sentence: In addition to the penalties that can be imposed for Count One, the minimum and maximum statutory penalties that the district court can impose for Count Two include the following:

1.     Mr. Calhoun faces a mandatory minimum of five-years imprisonment and an allowable maximum sentence of twenty-years imprisonment;[6]

2.     A fine not to exceed $250,000 or twice any pecuniary gain to himself or loss to the victim;

3.     The district court may impose a term of supervised release not to exceed three years, and if Mr. Calhoun violates the conditions of supervised release, he could be imprisoned for a total of three years, but for no more than two years at one time;

4.     It is mandatory that Mr. Calhoun pay a special assessment of one-hundred dollars.

5.     Restitution to victims or to the community is mandatory under the law; and

6.     Mr. Calhoun may have to pay the costs of incarceration and supervision.

## SENTENCING IN THIS CASE

Mr. Calhoun has discussed the appropriate Statutes and the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the district court after it has considered the appropriate statutes, the Guidelines, and the factors included in 18 U.S.C. § 3553(a). However, neither the Guidelines nor 18 U.S.C. § 3553(a) are binding and the district court, in its discretion, may sentence Mr. Calhoun to the statutory maximum penalties, if such a sentence is sufficient, but not greater than necessary to comply with 18 U.S.C. § 3553(a)(2). Mr. Calhoun understands that, if the district court imposes a sentence greater than he expects, he will not be able to withdraw his plea of "guilty" based solely upon that higher sentence as long as the sentence is within the statutory maximum punishment.

---

[6]Mr. Calhoun understands that with Counts One and Two combined, he faces a mandatory minimum of five-years imprisonment and a statutory maximum of thirty-years imprisonment.

3

Congress has abolished parole so if the district court sentences Mr. Calhoun to a term of imprisonment, Mr. Calhoun understands that he will not be released on parole.

Mr. Calhoun further understands that a conviction for the charged felony-offenses will deprive him of important constitutional and civil rights, which includes, *inter alia*, the right to vote, the right to hold public office, the right to sit on a jury, and the right to possess a firearm.

## CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

1.   Mr. Calhoun understands that he has the following constitutional rights:

   a.   the right to plead not guilty to the charged offenses;

   b.   the right to have a speedy trial by a jury in this District;

   c.   the right to have his guilt proven beyond a reasonable doubt;

   d.   the right to confront and cross-examine witnesses and to call and subpoena witnesses and material in his defense; and

   e.   the right to not be compelled to incriminate himself.

2.   The waiver of these rights.

Mr. Calhoun waives the aforementioned rights and pleads guilty to the offenses alleged in the two-count Indictment charging him with violating 18 U.S.C. § 844(i) and 26 U.S.C. §§ 5861(c) and 5871. Mr. Calhoun understands the nature and the elements of the offenses for which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

## THE BALANCE OF THIS PAGE IS INTENTIONALLY BLANK

4

## STIPULATED FACTS

Mr. Calhoun admits that on or about February 19, 2008, in the Dallas Division of the Northern District of Texas, he knowingly and intentionally possessed a firearm, to wit: a destructive device or homemade pipe bomb as defined in 26 U.S.C. § 5845(f)(1)(A).  Mr. Calhoun admits that the firearm was in operating condition, and he agrees that the firearm was manufactured after November 1, 1968, and that the manufacturer of the firearm had not met the requirements of 26 U.S.C. § 5822.  This is conduct violates 26 U.S.C. §§ 5861(c) and 5871.

Mr. Calhoun further admits that on or about February 19, 2008, in the Dallas Division of the Northern District of Texas, he maliciously used an explosive –a homemade bomb– to damage a motel used for commercial purposes, (and an area surrounding the motel), located in Grand Prairie, Texas; he further agrees that, at the time of the explosion, the aforementioned motel and an area that surrounded it was either used in interstate commerce, affected interstate commerce, or was used in an activity that affected interstate commerce.  This conduct violates 18 U.S.C. § 844(i).

## THE BALANCE OF THIS PAGE IS INTENTIONALLY BLANK

5

## VOLUNTARINESS OF THE PLEA OF GUILTY

Mr. Calhoun has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offenses, the statutory penalties, and Guidelines and 18 U.S.C. § 3553(a) with his attorney. Mr. Calhoun has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and is satisfied with his attorney's representation of him in this case. Mr. Calhoun concedes that he is guilty, and he concludes that it is in his best interests to plead guilty instead of going to trial.

**AGREE TO AND SIGNED** this 30th day of December 2008.

DONALD CALHOUN
Defendant

DOUGLAS A. MORRIS
Assistant Federal Public Defender
Attorney for Mr. Donald Calhoun

6